Slip Op. 18-106

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FORMER EMPLOYEES OF FIFTH THIRD BANK,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES SECRETARY OF LABOR,<br><br>    Defendant. | Before: Mark A. Barnett, Judge<br><br>Court No. 17-00258 |

## OPINION AND ORDER

[Remanding the U.S. Department of Labor's remand redetermination denying Plaintiffs' certification as a class of workers entitled to Trade Adjustment Assistance benefits.]

Dated: August 27, 2018

Daniel E. Young, Plant, Christensen & Kanell, of Salt Lake City, UT, for Plaintiffs.

Agatha Korowski, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant. With her on the brief were Chad A. Readler, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Claudia Burke, Assistant Director. Of counsel on the brief was Jayant Reddy, Attorney Advisor, Employment and Training Legal Services, Office of the Solicitor, U.S. Department of Labor, of Washington, DC.

  Barnett, Judge: Before the court is the U.S. Department of Labor's ("Labor") remand redetermination denying certification to Plaintiffs as a class of workers entitled to Trade Adjustment Assistance ("TAA") pursuant to Section 222 of the Trade Act of 1974, as amended, 19 U.S.C. § 2272 (2012).[1] See Notice of Negative Determination

---

[1] All further references to the Trade Act of 1974, as amended, are to Title 19 of the U.S. Code, and all references to the U.S. Code are to the 2012 edition.

on Remand ("Remand"), ECF No. 18.  Labor filed its redetermination pursuant to court order, which granted Defendant's unopposed motion for a voluntary remand of Labor's initial negative determination regarding Plaintiffs' eligibility for TAA benefits.  *See* Unopposed Mot. for Vol. Remand ("Remand Mot."), ECF No. 8; Scheduling Order (Dec. 15, 2017) ("Remand Order"), ECF No. 9; *see generally Notice of Determinations Regarding Eligibility to Apply for Worker Adjustment Assistance*, 82 Fed. Reg. 29,104, 29,114-15 (Dep't Labor June 27, 2017) ("*Negative Notice*").[2]  For the following reasons, the court remands this action for reconsideration by Labor.

On January 4, 2017, the State of Florida filed a petition for Trade Adjustment Assistance on behalf of certain workers of Fifth Third Bank, Global Financial Institutions ("Fifth Third GFI"), a wholly owned subsidiary of Fifth Third Bancorp ("Fifth Third"), Coral Gables, Florida.  Remand at 1; Petition for Trade Adjustment Assistance (TAA) ("Petition"), AR1-AR3.[3]  The workers, who were engaged in "International Correspondent Banking services,"[4] identified the displacement of U.S. banks by non-U.S. banks in the correspondent banking market as the reason for their separation from Fifth Third GFI.  Petition, AR1-AR2.

---

[2] The Administrative Record ("AR") for Labor's determination is divided into a confidential record, ECF No. 21, and a public record, ECF No. 22.  The court references the confidential record documents, unless stated otherwise.
[3] The Administrative Record documents are not individually numbered; rather, each page is stamped with an "AR" number that the court uses to identify the cited pages.
[4] Correspondent banking "enables the provision of domestic and cross-border payments, supports economic growth through international trade and cross-border financial activity, including remittances."  IMF Staff Discussion Note, The Withdrawal of Correspondent Banking Relationships: A Case for Policy Action at 7 (June 2016), AR96.

Workers may be eligible for certification by Labor for TAA benefits when they are "affected by an increase in foreign imports or a shift in production or services to a foreign country." *Former Emp. of Geokinetics, Inc. v. United States Sec'y of Labor*, 41 CIT ___, ___, 219 F. Supp. 3d 1392, 1400 (2017) (citing 19 U.S.C. § 2272(a)). Workers must first demonstrate that "a significant number or proportion of the workers in such workers' firm have become totally or partially separated, or are threatened to become totally or partially separated." 19 U.S.C. § 2272(a)(1). If this threshold requirement is met, workers may demonstrate eligibility in one of two ways: the increased imports path pursuant to 19 U.S.C. § 2272(a)(2)(A), or the shift in production or supply path pursuant to 19 U.S.C. § 2272(a)(2)(B). *See Geokinetics*, 219 F. Supp. 2d at 1400; Remand at 4-5. Relevant here, to obtain certification under the increased imports path, workers must demonstrate that (1) "the sales or production, or both, of [the workers'] firm have decreased absolutely," 19 U.S.C. § 2272(a)(2)(A)(i); (2) the "imports of articles or services like or directly competitive with articles produced or services supplied by such firm have increased," *id.* § 2272(a)(2)(A)(ii)(I);[5] and (3) "the increase in imports described in clause (ii) contributed importantly to such workers' separation or threat of separation and to the decline in the sales or production of such firm," *id.* § 2272(a)(2)(A)(iii).[6]

---

[5] There are three ways workers may fulfill the increased imports requirement, *see* 19 U.S.C. § 2272(a)(2)(A)(ii)(I)-(III); however, only the first enumerated criterion is relevant here.
[6] Workers may also demonstrate eligibility for TAA benefits if they satisfy the criteria set forth in 19 U.S.C. § 2272(b) (regarding adversely affected secondary workers) and 19 U.S.C. § 2272(e) (regarding adversely affected firms identified by the U.S. International

Labor initially denied certification on the basis that Fifth Third GFI failed to meet the threshold criterion regarding the number of separated workers because only one worker had been separated. *Negative Notice*, 82 Fed. Reg. at 29,114-15; 29 C.F.R. § 90.2 (defining a "[s]ignificant number or proportion of the workers" in a firm (or subdivision thereof) of less than 50 workers as at least 3 workers). On request for reconsideration, Labor affirmed its negative determination. Notice of Negative Determination Regarding Application for Reconsideration, AR201-AR203.

On October 24, 2017, Plaintiffs commenced this action challenging Labor's negative determination. Summons, ECF No. 1. On December 15, 2017, Defendant requested remand to investigate Plaintiffs' allegation that Labor too narrowly defined the relevant worker group for purposes of examining the number of separated workers. Remand Mot. at 3. The court granted Defendant's motion and ordered Labor to "conduct additional investigation to determine whether plaintiffs are eligible for certification for TAA benefits based on the criteria enumerated in 19 U.S.C. § 2272, provide additional explanation, and reconsider its negative determination." Remand Order at 1.

On May 16, 2018, Labor filed its redetermination. *See* Remand. Therein, Labor revised the relevant worker group (or "subject firm") to consist of Fifth Third Bank, Global Transaction Banking ("Fifth Third GTB"), a wholly owned subsidiary of Fifth Third

---

Trade Commission). Labor denied certification pursuant to those subsections, and Plaintiffs do not challenge those findings. *See* Remand at 11; *see generally* Comments on Remand Results ("Pls.' Comments"), ECF No. 25.

Bancorp, Cincinnati, Ohio.[7]  Remand at 7.  Accordingly, Labor determined that the threshold criterion set forth in 19 U.S.C. § 2272(a)(1) regarding the number of separated workers had been met.  Remand at 8-9.  Labor also found that the workers had satisfied the criterion set forth in 19 U.S.C. § 2272(a)(2)(A)(i) because Fifth Third GTB's sales of global transaction services had decreased.  Remand at 9.

Labor denied certification, however, because it found that the requirements set forth in 19 U.S.C. § 2272(a)(2)(A)(ii) had not been met.[8]  Labor explained that "the workers' firm, customer, and aggregate U.S. imports of services like or directly competitive with global transaction services supplied by [Fifth Third GTB] did not increase during the relevant period."  Remand at 9.  Labor stated that its investigation on remand indicated that "the firm did not import services like or directly competitive with the services supplied by [Fifth Third GTB]."  Remand at 9.  Labor explained that it did not issue customer surveys because Fifth Third GTB "does not have direct customers; rather, the subject firm provides ancillary services that support other branches of the firm (i.e., internal services)."  *Id.*

On July 30, 2018, Plaintiffs filed comments in opposition to the redetermination. *See* Pls.' Comments.  Plaintiffs assert that Labor failed to adequately investigate their

---

[7] Fifth Third GTB consists of workers that "engage in activities related to the supply of global transaction services through two different groups": the global financial institutions group (i.e, Fifth Third GFI), and a trade services group ("Fifth Third TSG").  *See* Remand at 8.  The workers in Fifth Third GTB "are not separately identifiable by function," Remand at 8; i.e., as workers in either Fifth Third GFI or Fifth Third TSG.
[8] Accordingly, Labor did not reach the third prong of the increased imports test regarding the relationship between decreased sales and the increase in imports pursuant to 19 U.S.C. § 2272(a)(2)(A)(iii).

claims and they are entitled to certification.  *See id.* at 6-10.  On August 23, 2018, Defendant requested, with the consent of the Plaintiff, that the court again remand this action so that Labor may conduct further investigation.  Unopposed Mot. for Voluntary Remand, ECF No. 26.  In particular, Defendant cites Plaintiffs' contention that Labor erred in concluding that Fifth Third GTB provided only internal services and concedes that the record appears to be ambiguous on this point.  *Id.* at 3.

When an agency requests remand without confessing error in order to reconsider its previous position, this court has discretion as to whether to remand.  *SKF USA, Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001).  If the agency's request is frivolous or in bad faith, a remand may be denied.  *Id.*  However, "if the agency's concern is substantial and legitimate, a remand is usually appropriate."  *Id.*

Defendant seeks remand so that Labor may determine whether relevant imports increased by conducting further investigation into whether Fifth Third GTB provided services to customers outside the firm and, if appropriate, issuing customer surveys.  Labor intends to conduct additional investigation to determine whether Plaintiffs are eligible for TAA certification and issue an appropriate redetermination.  Plaintiffs support the request for remand.

Upon review of the redetermination upon remand, Plaintiffs' comments on that redetermination, and Defendant's unopposed motion for remand, the court finds that the agency's request is neither frivolous nor in bad faith and is otherwise warranted.  Accordingly, the court remands Labor's redetermination for further investigation and redetermination, as appropriate.

Court No. 17-00258 Page 7

**CONCLUSION AND ORDER**

In accordance with the foregoing, it is hereby

**ORDERED** that the motion for remand is granted; and it is further

**ORDERED** that this action is remanded to the U.S. Department of Labor ("Labor"); and it is further

**ORDERED** that Labor will, consistent with applicable statutes and regulations: (1) conduct further investigation, as appropriate; (2) determine whether the petitioning workers are eligible to apply for Trade Adjustment Assistance; and (3) issue the appropriate redetermination on remand; and it is further

**ORDERED** that the remand results shall be filed no later than 60 days after the date of this order; and it is further

**ORDERED** that, in the event of an affirmative redetermination, the parties shall notify the court within 15 days of the filing of the remand results whether any live disputes remain and, if so, propose a joint scheduling order; and it is further

**ORDERED** that, in the event of a negative redetermination, the administrative record shall be filed no later than 15 days following the filing of the remand results; and it is further

**ORDERED** that, in the event of a negative determination, Plaintiffs may file comments with the court indicating whether they are satisfied or dissatisfied with the remand results no later than 30 days after the record is filed with the court; and it is further

      **ORDERED** that Defendant may respond to any such comments no later than 15 days after filing.

                                  /s/   Mark A. Barnett
                                  Mark A. Barnett, Judge

Dated: August 27, 2018
       New York, New York